# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY R. LEWIS,<br><br>                        Plaintiff(s),<br><br>       v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION *et al.*,<br><br>                      Defendant(s). | **1:17-cv-01102-EPG-PC**<br><br>**ORDER DISMISSING THIS CASE AS DUPLICATIVE OF CASE 1:17-cv-01064-EPG** |

Tony R. Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 16, 2017. (ECF No. 1.)

The Court finds that this case is duplicative of another pending case filed by Plaintiff on August 9, 2017, and therefore, this case must be dismissed.

## I. DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986) (per

curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 497 F.3d at 688 (citing *see Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Walton v. Eaton Corp.*, 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams*, 497 F.3d at 688 (quoting *Walton*, 563 F.2d at 70; *see also Curtis*, 226 F.3d at 138–39; *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223–24 (7th Cir. 1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 497 F.3d at 689 (citing *see The Haytian Republic*, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); *Curtis*, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); *Serlin*, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

## II.    DISCUSSION

Plaintiff has two civil rights cases pending before this Court. The first case was filed on

August 9, 2016 as case 1:17-cv-01064-EPG (*Lewis v. CDCR, et al.*) ("Case 17-1064"). The second case is the present case, 1:17-cv-01102-EPG-PC (*Lewis v.CDCR, et al.*,) ("Case 17-1102") filed on August 16, 2017. (ECF No. 1.) On August 16, 2017, Plaintiff filed a motion to proceed *in forma pauperis* in this action. (ECF No. 2.) By Order dated August 17, 2017, this Court granted Plaintiff's application to proceed *in forma pauperis.* (ECF No. 4.)

The Court has reviewed Plaintiff's two cases and finds that both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, and requested relief are identical.

Based on these facts, the Court finds this case to be duplicative of Case 17-1064. Therefore, this case must be dismissed.

However, the Court finds that two documents should be moved from Case 17-1102 for consideration in Case 17-1064: (1) Plaintiff's application to proceed *in forma pauperis*, filed on August 16, 2017 (ECF No. 2) and (2) the Court's August 17, 2017 Order granting Plaintiff's application to proceed *in forma pauperis* (ECF No. 4.).

## III. CONCLUSION AND ORDER

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. This case is DISMISSED as duplicative of case 1:17-cv-01064-EPG (*Lewis v. CDCR, et al.*);

2. The Clerk is directed to move two documents from the present case to case 1:17-cv-01064-EPG: (1) Plaintiff's application to proceed *in forma pauperis*, filed on August 16, 2017 (ECF No. 2) and (2) the Court's August 17, 2017 Order granting Plaintiff's application to proceed *in forma pauperis* (ECF No. 4.); and

3. The Clerk is directed to administratively CLOSE this case.

IT IS SO ORDERED.

Dated:  __September 5, 2017__          ___/s/ Erica P. Grosjean___
                                      UNITED STATES MAGISTRATE JUDGE